**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__District__  District of __Delaware__
                            (State)

Case number (*If known*): _____  Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Charlotte Russe Merchandising, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

Charlotte Russe
Peek

**3. Debtor's federal Employer Identification Number** (EIN)   3 3 – 0 8 1 9 4 5 3

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 5910 Pacific Center Blvd. | |
| Number        Street | Number        Street |
| Suite 120 | |
| | P.O. Box |
| San Diego, CA 92121 | |
| City        State    ZIP Code | City        State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| San Diego | |
| County | Number        Street |
| | |
| | City        State    ZIP Code |

**5. Debtor's website** (URL)   https://www.charlotterusse.com/

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  Charlotte Russe Merchandising, Inc.                                    Case number (if known)_____
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

   4  4  8  1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   ☐ A plan is being filed with this petition.
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When _____  Case number _____
                                           MM / DD / YYYY
        District _____  When _____  Case number _____
                                           MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor  See Attached Schedule 1          Relationship  Affiliate
        District  Delaware                        When  Date Hereof
                                                        MM / DD / YYYY
        Case number, if known  _____

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page **2**

Debtor  __Charlotte Russe Merchandising, Inc.__          Case number (*if known*)_____
         Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                         Number     Street

_____

_____   _____  _____
City                                State        ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name       _____
       Phone              _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49           ☐ 1,000-5,000      ☐ 25,001-50,000
☐ 50-99          ☐ 5,001-10,000     ☐ 50,001-100,000
☐ 100-199        ☐ 10,001-25,000    ☐ More than 100,000
☑ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☑ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

Debtor  Charlotte Russe Merchandising, Inc.
        Name                                                    Case number (if known) _____

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ☒ I have been authorized to file this petition on behalf of the debtor.
- ☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  2/3/19
             MM / DD / YYYY

X _____         Brian M. Cashman
  Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

X _____    Date  02/03/2019
  Signature of attorney for debtor              MM / DD / YYYY

Justin R. Alberto
Printed name

Bayard, P.A.
Firm name

600     N. King St., Suite 400
Number  Street

Wilmington                                              DE       19801
City                                                    State    ZIP Code

(302) 429-4226                                  jalberto@bayardlaw.com
Contact phone                                   Email address

5126                                            DE
Bar number                                      State

## SCHEDULE 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition with this Court for relief under chapter 11 of the Bankruptcy Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Debtor | Tax ID No. |
|---|---|
| Charlotte Russe Holding, Inc. | 33-0724325 |
| Charlotte Russe Holdings Corporation | 46-4211045 |
| Charlotte Russe Intermediate Corporation | 46-5626345 |
| Charlotte Russe Enterprise, Inc. | 27-0792527 |
| Charlotte Russe, Inc. | 95-2960505 |
| Charlotte Russe Merchandising, Inc. | 33-0819453 |
| Charlotte Russe Administration, Inc. | 33-0819456 |

**ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF**

**CHARLOTTE RUSSE HOLDINGS CORPORATION**
**CHARLOTTE RUSSE INTERMEDIATE CORPORATION**
**CHARLOTTE RUSSE ENTERPRISE, INC.**
**CHARLOTTE RUSSE HOLDING, INC.**
**CHARLOTTE RUSSE, INC.**
**CHARLOTTE RUSSE MERCHANDISING, INC.**
**CHARLOTTE RUSSE ADMINISTRATION, INC.**

FEBRUARY 1, 2019

Pursuant to Sections 141(f) and 251 of the General Corporation Law of the State of Delaware (the "*DGCL*") or Section 307(b) of the California General Corporation Law (the "*CGCL*"), as applicable, and the bylaws of each of (i) Charlotte Russe Holdings Corporation ("*Holdings*"), (ii) Charlotte Russe Intermediate Corporation ("*Intermediate*"), (iii) Charlotte Russe Enterprise, Inc. ("*Enterprise*"), (iv) Charlotte Russe Holding, Inc. ("*CR Holding*"), (v) Charlotte Russe, Inc. ("*Borrower*"), (vi) Charlotte Russe Merchandising, Inc. ("*Merchandising*") and (vii) Charlotte Russe Administration, Inc. ("*Administration*" and together with Holdings, Intermediate, Enterprise, CR Holding, Borrower and Merchandising, collectively, the "*Company*" and each, a "*CR Company*") the undersigned, being all of the members of the Board of Directors (the "*Board*") of the Company hereby waive all requirements of notice to take the following actions and adopt the following resolutions by unanimous written consent without a formal meeting.

WHEREAS, in light of the Company's financial condition, the Company was previously directed to formally engage certain professionals to advise the Company on the restructuring of the Company, including seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), if advisable; and

WHEREAS, the Company was previously directed to conduct a process for the marketing and sale of substantially all or a portion of the assets of the Company and its affiliates; and

WHEREAS, the Company has reviewed the materials presented by its financial, legal, and other advisors and the director of the Company has engaged in numerous and extensive discussions (including, without limitation, with management and professional advisors) regarding the Company's financial condition, including its liabilities and liquidity position, the strategic alternatives available to it, and the impact of the foregoing on the Company's business and operations; and

WHEREAS, the Company was previously directed to begin preparation for a chapter 11 bankruptcy filing in order to make such a filing in the event a filing is advisable; and

WHEREAS, the Company and the Board have determined that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a

petition be filed by the Company, seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

NOW, THEREFORE, BE IT

RESOLVED, that each of the Chief Executive Officer, Chief Financial Officer, the Chief Restructuring Offer, the General Counsel and Corporate Secretary (each, an "Authorized Officer") on behalf of the Company be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time or in such other jurisdiction as the Authorized Officer executing the petition shall determine; and it is further

RESOLVED, that the law firms of Cooley LLP and Bayard, P.A. be, and hereby are, employed as attorneys for the Company under respective general retainers in any such chapter 11 case, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that Guggenheim Securities, LLC be, and hereby is, employed as investment banker to assist the Company in the Company's chapter 11 case, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that A&G Realty Partners, LLC be, and hereby is, employed as lease disposition consultant and business broker for the Company in any such chapter 11 case, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that any Authorized Officer is hereby authorized to assume, subject to the approval of the Bankruptcy Court, that certain Consultation Agreement dated January 31, 2019 between the Company and a joint venture comprised of Gordon Brothers Retail Partners, LLC and Hilco Merchant Resources, LLC (collectively, the "Liquidating Agent"), pursuant to which the Liquidating Agent will serve as liquidation consultant for the Company in any such chapter 11 case; and it is further

RESOLVED, that Donlin, Recano, & Company, Inc. be, and hereby is, employed as claims and noticing agent and administrative agent for the Company under a general retainer in any such chapter 11 case, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that Malfitano Advisors, LLC be, and hereby is, employed as liquidation consultant to the Company in any such chapter 11 case, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that in connection with the commencement of any chapter 11 case, the Company hereby (i) approves that certain Senior Secured, Superpriority Debtor-in-Possession Loan and Security Agreement (the "DIP

2

Credit Agreement") by and among Bank of America, N.A., as administrative agent and collateral agent, the Company, the other borrowers and guarantors from time to time party thereto, and the lenders from time to time party thereto, providing for a credit facility of up to $60 million on the closing date of the financing referenced in this paragraph, which will be secured by certain of the assets of the Company and the other borrowers and guarantors thereunder, (ii) consents to the execution, delivery and performance thereof by the Company, and (iii) consents to the amendment, extension, supplementation, or other modifications of any documents, certificates, agreements or other writings related to the DIP Credit Agreement; provided that any material amendments, extensions, supplements or modifications of the DIP Credit Agreement are subject to review and consent by the Board; and it is further

RESOLVED, that the Company, by and through any Authorized Officer, is hereby authorized and instructed to make such arrangements and take such actions as it deems necessary or proper for the Company to use cash collateral as a debtor in possession under chapter 11 of the Bankruptcy Code; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed in the name of and on behalf of the Company to a) enter into negotiations with any interested parties regarding a purchase of any or all of the assets (of any kind) of any or all of the Company's or any of the Company's other direct or indirect subsidiaries, whether pursuant to a plan or otherwise (such sale, a "Sale"), b) execute and deliver an agreement providing for such Sale (the "Sale Agreement") in connection with the Sale, c) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for the transactions contemplated thereby, d) if the Authorized Officers deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local, or non-U.S. law to sell such assets in a Sale, e) to organize and manage a sales process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, as well as negotiating and entering into an agreement with such stalking horse bidder, and f) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplate thereby; provided that the foregoing shall be subject to review and consent by the Board in connection with the Sale or potential Sale of all or a material portion of the assets of the Company; and it is further

RESOLVED, that in connection with the chapter 11 case, each Authorized Officer, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to cause the Company to take such actions and execute such documents as are necessary to effectuate a Sale or Sales of the assets of the Company, in a manner determined by the Authorized Officer to represent the best interests of the Company and its creditors; provided that any

Sale or potential Sale of all or a material portion of the assets of the Company shall be subject to review and consent by the Board; and it is further

RESOLVED, that any Authorized Officer be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; provided that the retention of professionals in connection with the Company's chapter 11 case shall be subject to review and consent by the Board; and it is further

RESOLVED, that any Authorized Officer and such other officers of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate the successful prosecution of the chapter 11 case; provided that each of the foregoing shall be subject to review and consent by the Board with respect to any act or transaction that does not fall within the ordinary course of business of the Company; and it is further

RESOLVED, that each Authorized Officer be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to execute such consents of the Company, as such Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and it is further

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

[signature on following page]

4

5

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of February 1, 2019.

                                        **DIRECTOR:**

                                        */s/ David Mack*
                                        **David Mack**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Charlotte Russe Merchandising, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No.: 19- ( _____ )<br><br>(Joint Administration Requested) |

**STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Fed. R. Bankr. P., the following is a list of corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests:

| **Shareholder** | **Percentage of Equity Held** |
|---|---|
| Charlotte Russe, Inc. | 100% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Charlotte Russe Merchandising, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No.: 19- ( _____ )<br><br>(Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to 1007(a)(3) of the Fed. R. Bankr. P., the following is a list of entities holding an interest in the above-captioned debtor:

| Name | Mailing Address | Percentage of Equity Held |
|---|---|---|
| Charlotte Russe, Inc. | 5910 Pacific Center Blvd., Suite 120<br>San Diego, CA 92121 | 100% |

{BAY:03426818v1}

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Charlotte Russe Holding, Inc., *et al.*,[1] | Case No.: 19- ( _____ ) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS WHO HAVE THE**
**30 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS**

      The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby certify that the Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders submitted herewith contains the names and addresses of the Debtors' top 30 unsecured creditors. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority and/or amount of any such claim.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Charlotte Russe Holding, Inc. (4325); Charlotte Russe Holdings Corporation (1045); Charlotte Russe Intermediate Corporation (6345); Charlotte Russe Enterprise, Inc. (2527); Charlotte Russe, Inc. (0505); Charlotte Russe Merchandising, Inc. (9453); and Charlotte Russe Administration, Inc. (9456). The Debtors' headquarters are located at 5910 Pacific Center Boulevard, Suite 120, San Diego, CA 92121.

| Fill in this information to identify the case: |
|---|
| **Debtor name:** Charlotte Russe Holding, Inc., et al. |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 19-_____ |

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis    12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | FEDEX ERS<br>PO BOX 371741<br>PITTSBURGH PA 15250-7741 | KYE BEVERLY<br>krbeverly@fedex.com<br>Tel: 949-862-4734 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $2,945,338.60 |
| 2 | GOOGLE INC<br>ACCOUNTS RECEIVABLE DEPT<br>1600 AMPHITHEATRE PKWY<br>MOUNTAIN VIEW CA 94043 | SYLWIA HEBDA<br>afs-cashapps@google.com<br>Tel: 650-253-8616 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $2,325,033.87 |
| 3 | VALUELINE GROUP CO LTD<br>FL 7 HUATIAN BLDG NO<br>18 HOUJIE BLVD S HOUJIE TOWN<br>DONGGUAN CITY, GUANGDONG PROVINCE 523960<br>CHINA | DAVID WANG<br>david@topgloryfootwear.com<br>Tel: 769-812-63588 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $2,035,209.78 |
| 4 | EAST LION CORP<br>318 BREA CANYON RD<br>CITY OF INDUSTRY CA 91789 | JULIE KUO<br>juliek@eastlioncorp.com<br>Tel: 626-912-1818 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $1,637,313.38 |
| 5 | VEN BRIDGE CO LTD.<br>35TH FL NO 96<br>EAST ZHUANXING RD<br>SHANGHAI<br>CHINA | SEAN GOGARTY<br>spgtextiles@gmail.com<br>Tel: 86-21-34797031 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $1,576,968.73 |
| 6 | SHANTEX GROUP LLC<br>530 7TH AVE<br>STE 703<br>NEW YORK NY 10018 | DAVID ORLAND<br>david@shantex.us<br>Tel: 646) 918-6399 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $1,500,301.20 |
| 7 | MERKLE INC<br>29432 NETWORK PL<br>CHICAGO IL 60673-1432 | KRISTINE ELLIOT<br>kelliot@merkleinc.com<br>Tel: 443-542-4348 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $1,229,583.60 |

Debtor **Charlotte Russe Holding, Inc., et al.**                                                                                           Case number *(if known)* 19-_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui- dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | REALPLAY CORP. DBA RIPLAY DBA RIPLAY INC 18350 SAN JOSE AVE CITY OF INDUSTRY CA 91748 | MARK HSIA mark@riplay-llc.com Tel: 626-964-6348 | Trade Payable | ☐ C ☐ U ☐ D | | | $1,212,474.00 |
| 9 | GLOBAL CAPITAL FASHION INC 247 WEST 35TH ST 11 FL FRONT NEW YORK NY 10001 | SIMON LEUNG simon@bluestarfashion.com Tel: 917-232-7894 | Trade Payable | ☐ C ☐ U ☐ D | | | $1,114,957.13 |
| 10 | TOPSON DOWNS/LOVE FIRE 3840 WATSEKA VAE CULVER CITY CA 90232 | DANIEL ABRAMOVITCH danielabramovitch@topsondowns.com Tel: 310-558-0300 | Trade Payable | ☐ C ☐ U ☐ D | | | $1,035,881.07 |
| 11 | KNY CLOTHING DBA YIPEE NAM G OW 1662 LONG BEACH AVE LOS ANGELES CA 90021 | STEVE CHO / KAREN OH lashesclothing@gmail.com Tel: 323-750-0015 | Trade Payable | ☐ C ☐ U ☐ D | | | $1,026,614.73 |
| 12 | ANAN ENTERPRISE INC DBA SARAH 2080 E 25TH ST VERNON CA 90058 | SARAH KIM sarahmkim0826@gmail.com Tel: 323-589-1363 | Trade Payable | ☐ C ☐ U ☐ D | | | $965,972.72 |
| 13 | LEGEND FOOTWEAR INC 19445 E WALNUT DR N CITY OF INDUSTRY CA 91789 | JENNI YEH jenni@legendfootwear.com Tel: 626-934-7268 | Trade Payable | ☐ C ☐ U ☐ D | | | $857,564.62 |
| 14 | SAMIL SOLUTION 6F RIO BLDG 790-2 YEOKSAM #NAME? SEOUL 135-929 KOREA | PAUL KANG paulkang@samilsolution.com Tel: 822-5655264 | Trade Payable | ☐ C ☐ U ☐ D | | | $827,744.95 |
| 15 | PRIORITY FULFILLMENT SERVICES 505 MILLENNIUM DR ALLEN TX 75013 | TOM MADDEN tmadden@pfsweb.com Tel: 972-679-2403 | Trade Payable | ☐ C ☐ U ☐ D | | | $811,287.55 |
| 16 | MEZZANINE USA INC 1015 S CROCKER ST R29 LOS ANGELES CA 90021 | CHRISTOPHER KIM chris@mezzanineusa.com Tel: 213-748-0044 | Trade Payable | ☐ C ☐ U ☐ D | | | $774,575.11 |
| 17 | JP ORIGINAL CORP 19101 E WALNUT DR NORTH CITY OF INDUSTRY CA 91748 | PAUL KASCSAK paulk@jpo.com Tel: 404-749-5355 | Trade Payable | ☐ C ☐ U ☐ D | | | $760,502.93 |
| 18 | ZHENGPENG TRADE CO LTD. RM 502 BLDG 2 HETONG JIN YUAN QN FEN RD WENZHOU CHINA | SUNNY sunny.zhengpeng@gmail.com Tel: 577-65008022 | Trade Payable | ☐ C ☐ U ☐ D | | | $716,820.19 |

Debtor **Charlotte Russe Holding, Inc., et al.**     Case number *(if known)* 19-_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | DOUBLE H SOURCING<br>RM205 HACKSANKOSMOSTEL 110<br>GWANGJANG DONG GWANGJIN KU<br>SEOUL<br>KOREA | WINNIE CHO<br>winnie@dhsourcing.co.kr<br>Tel: 822-3436-8865 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $714,193.91 |
| 20 | FORTUNE DYNAMIC INC<br>21923 FERRERO PKWY<br>CITY OF INDUSTRY CA 91789 | TRACY MAN<br>tracyman@fortunedynamic.com<br>Tel: 909-979-8303 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $680,075.85 |
| 21 | MAESA LLC<br>40 WORTH ST<br>STE 705<br>NEW YORK NY 10013 | JEFF KLEIN<br>jeff.klein@maesa.com<br>Tel: 212-674-5555 X484 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $676,195.52 |
| 22 | ELLA L CLOTHING INC<br>16828 ARMSTEAD ST<br>GRANDA HILLS CA 91344 | JAMES SONG<br>ellal.jamessong@gmail.com<br>Tel: 818-270-5345 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $632,593.71 |
| 23 | JESSMYN IN USA<br>2080 E25TH ST<br>VERNON CA 90058 | KYLE KIM<br>jessmyn.usa@gmail.com<br>Tel: 213-268-7855 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $621,748.68 |
| 24 | RHAPSODY CLOTHING INC DBA<br>2222 E OLYMPIC BLVD<br>LOS ANGELES CA 90021 | PEARL SHINN<br>pearl.s@rhapsodyclothing.com<br>Tel: 213-614-8886 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $585,882.70 |
| 25 | JAINSON'S INTERNATIONAL INC<br>7526 TYRONE AVE<br>VAN NUYS CA 91405 | AMIT JAIN<br>amit@jaincompany.com<br>Tel: 818-779-2910 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $511,232.70 |
| 26 | PRODUCT DEVELOPMENT INTL.<br>1350 BROADWAY<br>STE 601<br>NEW YORK NY 10018 | SANDY<br>sandy@pdifashion.com<br>Tel: 212-279-6186 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $507,109.25 |
| 27 | THE VINTAGE SHOP<br>MSK APPAREL INC<br>1015 S CROCKER ST<br>#R-14<br>LOS ANGELES CA 90021 | AUSTIN KIM DANNY SHIN<br>austin4778@hotmail.com;<br>danny_vintageshop@hotmail.com<br>Tel: 213-747-1509 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $446,491.95 |
| 28 | REGENT-SUTTON LLC<br>1411 BROADWAY<br>8TH FL<br>NEW YORK NY 10018 | AVI COHEN<br>avic@jasonmaxwell.com<br>Tel: 646-484-3782 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $435,267.50 |
| 29 | 505 SONOMA CORP DBA GIC DBA GIC INTERNATIONAL<br>3812 SEBASTOPOL RD<br>SANTA ROSA CA 95407 | KEVIN PAN<br>kevinpan@gicintl.com<br>Tel: 707-238-1886 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $432,465.74 |

Debtor  **Charlotte Russe Holding, Inc., et al.**                                                  Case number *(if known)* **19-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | R AHN<br>2115 E ANDERSON ST<br>VERNON CA 90058 | CHEYRIN (CINDY) PARK<br>bellabettyfashion@gmail.com<br>Tel: 213-220-7113 | Trade Payable | ☐ C<br>☐ U<br>☐ D | | | $416,265.63 |

Fill in this information to identify the case and this filing:

Debtor Name __Charlotte Russe Merchandising, Inc.__

United States Bankruptcy Court for the  District of Delaware

Case number (if known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑ Other document that requires a declaration __List of Equity Security Holders and Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __2/3/19__    X _/s/ Brian M. Cashman_
MM / DD / YYYY            Signature of individual signing on behalf of debtor

                          Brian M. Cashman
                          Printed name

                          Chief Restructuring Officer
                          Position or relationship to debtor

Official Form 202         Declaration Under Penalty of Perjury for Non-Individual Debtors